(No. 3679—

MARTIN KLING, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed November 10, 1942.*

ALBERT S. O'SULLIVAN, for claimant.

GEORGE F. BARRETT, Attorney General; ROBERT V. OSTROM, Assistant Attorney General, for respondent.

CHIEF JUSTICE DAMRON delivered the opinion of the court:

Claimant seeks an award for forty per cent loss of use of his left hand due to an injury he suffered on January 17, 1941, while employed by the Division of Highways, State of Illinois, at or near Belvidere, Illinois.

This claimant on the last mentioned date was standing on a truck belonging to the respondent shoveling cinders on the pavement of U. S. Route No. 20, when said truck suddenly started and threw claimant to the pavement causing him to receive injuries as aforesaid.

He was treated by Dr. David E. James, immediately after the injury, at the St. Joseph's Hospital in Belvidere. On January 22, he was transferred by the respondent, to Chicago where he was placed under the care of Dr. H. B. Thomas, Orthopedic Surgeon and Professor of Orthopedics at the University of Illinois. Dr. Thomas treated this claimant intermittently until March 24, 1941, when he released him from further medical attention and suggested that he be given light work by the respondent. The following day claimant reported to the State Garage at Marengo where he was employed as a painter on the Division's equipment.

Dr. James at the time of the hearing was unable to testify inasmuch as he was in the U. S. armed forces.

The claimant employed Dr. John F. West for the purpose of testifying who examined him for the first time the night before the hearing. He testified that, in his opinion, this claimant had suffered a forty-five per cent total permanent disability of his left hand.

The evidence contains the report of the Division of Highways which under the rules of this court is taken as evidence. In this report is included a report of the said Dr. H. B. Thomas, dated March 24, 1941, which follows:

"This morning we have examined Mr. Martin Kling. We find that the left wrist has adduction of 16°, abduction of 18°, and extension of 36°. After physiotherapy, adduction was increased to 22°, abduction to 25°. Extension remained the same. The right dorsiflexed 35°, abducted 25°, adducted 10°. The ranges of motion should improve and the weakness diminish. We are making out the final report with 15% disability in the left wrist, which will decrease with time. I hope he can have light work."

The Attorney General objects to this court considering the testimony of the said Dr. West and cites therefore the case of *National Steel Casting Co.* vs. *Industrial Commission*, 377 Ill. 169.

We have carefully considered all the testimony in the case and are in full accord with the findings of Dr. Thomas. An award is therefore entered in favor of claimant for fifteen per cent for permanent total loss of use of his left hand.

The evidence shows that this man was employed by the Department as a laborer at fifty cents an hour. It also shows that at the time of the injury he was thirty-eight years of age, and had two children dependent upon him under sixteen years of age. Under Section 8, paragraph (2) of the Workmen's Compensation Act claimant's temporary compensation rate is $7.50 per week, which is increased to $12.00 due to the fact that he has two dependent children.

If claimant had lost the entire use of his left hand he would have been entitled to fifty per cent of his annual earnings for one hundred seventy weeks. He having suffered but fifteen per cent permanent total disability is therefore entitled to fifteen per cent of one hundred seventy weeks or twenty six weeks times $12.00 which equals the sum of $312.00.

This injury having occurred subsequent to July 1, 1939 this award must be increased ten per cent making a total award of $343.20.

The evidence shows that the Department paid this claimant for ten weeks temporary total disability in the sum of $190.34. This was an overpayment. He actually was entitled to $120.00, and the difference of $70.34 must therefore be deducted leaving a total due this claimant of $272.86, all of which has accrued and is now payable in a lump sum.

An award is therefore entered in favor of claimant, Martin Kling, for fifteen per cent permanent total loss of use of his left hand in the sum of $272.86.

This award being subject to the provisions of an Act entitled "An Act Making an Appropriation to Pay Compensation Claims of State Employees and Providing for the Method of Payment Thereof," approved June 30, 1941, and being by the terms of such Act, subject to the approval of the Governor, is hereby, if and when approval is given, made payable from the appropriation from the Road Fund in the manner provided for in such Act.